IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MAHPEVANA'HANE LORNE BEARCOMESOUT,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN MCTIGHE; CAPTAIN WIRSHING; ASSISTANT WARDEN NELSON; D.O.C. CONTRACT BED MONITOR, MS. ALSTAD; MR. TROMBLEY; CHAPLAIN JOHNSON; CHIEF SECURITY OFFICER MADRID; CORE CIVIC OF AMERICA,<br><br>Defendants. | CV 21-0068-GF-BMM-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Bearcomesout filed an Amended Complaint on July 12, 2021. (Doc. 6.)  This matter was subsequently stayed.  (Doc. 7.)  Following lifting of the stay, Defendants were served with the Amended Complaint.  (Doc. 10.)

On January 6, 2022, Plaintiff filed a motion requesting that he be allowed to further amend his complaint in order to include a request for monetary damages. See, (Doc. 11.)  Defendants Trombley and Alstad have also field a partial motion to dismiss the claims filed against them, in their official capacities, seeking injunctive relief.  (Doc. 16.)  Each will be addressed in turn.

1

### i.     **Motion to Amend**

In the initial complaint filed in this matter, Plaintiff sought "declaratory judgment, injunction, money damages, punitive damages, so the defendants stop lying, to deny the Native American prisoners (in CCA, Shelby, MT) our religious ceremonies (sweat lodge) and set an example to discourage staff from acting illegally in the future." See, (Doc. 2 at 5.)  In his Amended Complaint, Plaintiff requests the following relief: "I want those responsible for the violations to be held accountable & for the prison to change the policies to coincide with federal laws- as well as state laws." See, (Doc. 6 at 6.)  Following the filing of his Amended Complaint, Plaintiff filed a motion seeking to amend the portion of his Complaint relative to the remedies sought.  (Doc. 11.)  Specifically, Plaintiff advised he is "seeking monetary relief in the amount that would be entitled to Plaintiff [upon] receiving a favorable judgment." *Id*. at 1.  Plaintiff further advises he is attempting to learn the Court's procedures as he proceeds pro se and requests the court exercise "the rule of pro se interpretation" to him. *Id*. at 2.

Defendants have not objected to Plaintiff's motion.  The Court finds the request to be reasonable. The motion for amendment, to include a request for relief for monetary damages in the amended complaint, will be granted.

//

### ii. Partial Motion to Dismiss

As set forth above, Defendant Alstad and Defendant Trombley have filed a partial motion to dismiss. (Doc. 16.) Defendant Alstad and Defendant Trombley are employed by the Montana Department of Corrections, whereas the remaining defendants are CoreCivic employees. Defendants Alstad and Trombley seek to dismiss only Plaintiff's request for injunctive relief against them in their official capacities. *Id*. Defendants state they have been sued only in their official capacities, not in their individual capacities. *Id*. at 4-5. Plaintiff has not responded to Defendants' partial motion to dismiss.

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient. *Id*. The court must then consider whether the well-pled factual allegations state a plausible claim for relief. *Id*. at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the allege misconduct. *Id*. A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged- but not shown- that the pleader is entitled

to relief" and must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Baker v. McCallan*, 443 U.S. 137, 144 n. 3 (1979). To state a claim under § 1983, a plaintiff must allege that (1) a person acting under the color of state law (2) violated a right secured to the plaintiff by the Constitution or the laws of the United States. *West v. Atkins,* 487 U.S. 42, 48-9 (1988). A defendant acts under color of law if he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id*. at 49.

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Instead, "a suit against a state official in his or her official capacity…is a suit against the official's offices. As such, it is no different from a suit against the State itself." *Id*. The Eleventh Amendment bars suit in federal court against a state and/or a state agency absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. See, *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997). Or put another way, the Eleventh Amendment insulates a state from suits for damages against official actors. See, *Will* at 67. "The rule is entirely different, however, when the suit is for injunctive

4

relief. Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Will*, at 71 n. 10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); see also, *Paeste v. Gov't of Guam,* 798 F. 3d 1228, 1236 (9th Cir. 2015).

Defendants Alstad and Trombley argue Plaintiff's § 1983 claim against them in their official capacities for injunctive relief fails for the following reasons: (i) the request is not ripe because Plaintiff has failed to establish the requested injunction would cure any actual, imminent, or likely invasion of a legally protected interest, (Doc. 17 at 5-9); (ii) the request fails to meet the standard for prospective relief set forth in the PLRA, *id*. at 10-11; and, (iii) Plaintiff failed to establish that he is entitled to injunctive relief under § 1983 against them in their official capacities. *Id*. at 11-12.

Plaintiff generally seeks injunctive relief. See, (Doc. 6 at 6). In relation to Defendant Alstad, Plaintiff advances a rather vague claim that she has not done the job she's been hired to do by the state and that she allows CoreCivic employees to violate rights of the Native American population, while doing nothing to interfere. (Doc. 6-2 at 2.). Plaintiff states Defendant Alstad, at some point in the past, allegedly made a false weather report, *id*., presumably which Plaintiff believes led

5

to the cancellation of an unidentified Native American ceremony. Plaintiff has not indicated what form of injunctive relief he seeks relative to Defendant Alstad.

In relation to Defendant Trombley, Plaintiff claims he was derelict in his duties as the Department of Corrections Native American liaison, by not mediating and advocating for the native inmate population. *Id*. at 3. Instead, Defendant Trombley allegedly advised Plaintiff not to pick a fight with the administration at Shelby Regional Prison. *Id*. Plaintiff has not indicated what form of injunctive relief he seeks relative to Defendant Trombley.

Additionally, Plaintiff has provided no response to Defendant's motion regarding the official capacity claim. For the *ex parte Young* exception to apply, it must be clear "that such officer must have some connection with the enforcement of the act, or else it is merely making [her] a party as a representative of the State, and thereby attempting to make the State a party." *Snoeck v. Brussa*, 153 F. 3d 984, 986 (9th Cir. 1998). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory poser over the persons responsible for enforcing the challenged provision will not subject an official to suit." *L.A. Cty. Bar Ass'n v. Eu*, 979 F. 2d 697, 704 (9th Cir. 1992)(citation omitted). In the instant case, Plaintiff has not sufficiently pled a causal connection between Defendants Alstad and Trombley and the purported constitutional violations arising out of the cancelled sweat lodge ceremony. Therefore, the § 1983 claim against Defendants

Alstad and Trombley for prospective injunctive relief is barred by the Eleventh Amendment under *Ex parte* Accordingly, the Court issues the following:

## ORDER

Mr. Bearcomesout's Motion to Amend (Doc. 11) is GRANTED.

## RECOMMENDATION

1. Defendant Alstad and Defendant Trombley's Partial Motion to Dismiss (Doc. 16) should be GRANTED; Plaintiff's claim for injunctive relief against this Defendants in their official capacity should be DISMISSED.

2. At all times during the pendency of this action, Mr. Bearcomesout must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## NOTICE OF RIGHT TO OBJECT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Bearcomesout may file objections to these Findings and Recommendations within fourteen (14) days after service. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 1st day of April, 2022.

> */s/ John Johnston*
> John Johnston
> United Stated Magistrate Judge